UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>             Plaintiff,<br><br>v.<br><br>CITY OF BOISE, et al.,<br><br>             Defendants. | Case No. 1:25-cv-00296-AKB<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

## INTRODUCTION

Pending before the Court is Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) and his Amended Complaint (Dkt. 4). Because Plaintiff seeks to proceed without paying the filing fee, the Court must determine whether he qualifies for in forma pauperis status under 28 U.S.C. §§ 1914-1915 and must screen the Amended Complaint under 28 U.S.C. § 1915(e)(2).

For the reasons stated below, the application is denied and the Amended Complaint is dismissed with prejudice.

## BACKGROUND

Plaintiff again challenges the City of Boise's mandatory sewer "base fee," subsequent collection efforts, a 2019 judgment entered in small-claims court, and a resulting judgment lien. Plaintiff previously litigated these issues in federal court in 2019, 2020, and 2021. The 2020 action was dismissed after the Court held the federal claims failed as a matter of law, and the Ninth Circuit affirmed. The 2021 action was dismissed with prejudice on res judicata grounds.

Before granting leave to proceed in forma pauperis, the Court must determine whether Plaintiff qualifies under § 1915(a) and must dismiss any claim that is frivolous or malicious, fails

to state a claim, or seeks relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). As explained below, Plaintiff's Amended Complaint replicates arguments that have been repeatedly rejected; is barred by res judicata; asserts claims against defendants immune from suit; fails to establish a basis for federal jurisdiction; and identifies no private right of action under several theories he asserts. The Amended Complaint fails to state a claim and must be dismissed with prejudice.

## LEGAL STANDARD

Any party instituting a civil action in federal district court is required to pay a filing fee. 28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. 28 U.S.C. § 1915. The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor." § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and that indicates he is unable to pay the fee required. Id. The affidavit is sufficient if it states the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and any dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

## ANALYSIS

### A.    Application to Proceed In Forma Pauperis

Plaintiff reports $461.76 in monthly employment income, maintains $283 in a checking account, and owns a 2000 Nissan valued at approximately $600. He also reports ownership of real property located at 8047 W. Ustick Street in Boise valued at $110,000. Plaintiff lists monthly

expenses totaling approximately $460-470, including utilities, transportation, and $115-125 in "support paid to others," but identifies no dependents. Although he references Medicaid eligibility, he provides no documentation supporting that assertion or explaining how it affects his ability to pay the filing fee.

These disclosures demonstrate that Plaintiff possesses a substantial unencumbered asset—his real property—that he does not explain why he cannot use to pay the filing fee. An applicant seeking in forma pauperis status must show, with particularity, that he cannot pay the filing fee and still provide for the necessities of life. Plaintiff has not done so.

Because the Court dismisses this action at screening, the IFP application is moot. Independently, however, Plaintiff has not demonstrated indigency, and the application would be denied.

## B.    Sufficiency of the Complaint

Plaintiff's Amended Complaint restates the same constitutional, statutory, and tort theories he pursued in earlier actions. He again asserts due-process and takings claims; FDCPA claims; and various state-law theories. For the first time, he additionally names the Ninth Circuit, the U.S. District Court, two federal judges, and the United States, alleging they engaged in "judicial activism," discrimination, or structural violations when issuing prior decisions. Each of those new defendants, however, is immune.

In short, the Amended Complaint contains no new factual allegations that distinguish this case from the prior suits. Instead, it arises from the same factual nucleus: the City's zero-use sewer fee, collection efforts, and the 2019 judgment lien. These features compel dismissal.

### 1.    Screening Standard

Courts construe pro se pleadings liberally, giving pro se litigants the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). To state a claim, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is mindful that pro se pleadings are held to less stringent standards than those drafted by lawyers, but pro se litigants must still comply with procedural rules and may not rely on conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## 2.    Res Judicata

This suit is Plaintiff's fourth attempt to challenge Boise's sewer-fee ordinance, associated collection efforts, and the 2019 judgment. In 2020, this Court dismissed Plaintiff's federal claims after determining that the challenged base fee was a legislative rate not subject to procedural due process and that the City is not a debt collector under the FDCPA. The Ninth Circuit affirmed. In 2021, the Court dismissed a nearly identical suit with prejudice after conducting a detailed res judicata analysis. Plaintiff's current Amended Complaint again asserts constitutional claims, FDCPA theories, and state-law tort claims arising from the same facts and the same City ordinance.

Res judicata bars all claims that were or could have been raised in prior litigation arising from the same transactional nucleus of facts. Because Plaintiff's claims rest on the same ordinance, the same collection letters, and the same 2019 lien, and because prior judgments were final and based on the merits, all claims against the City of Boise defendants are precluded.

## 3.    Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Federal subject matter jurisdiction exists only where a claim arises under federal law, 28 U.S.C. § 1331, or where there is complete diversity of citizenship and an amount in controversy exceeding $75,000, 28 U.S.C. § 1332. Under the well-pleaded complaint rule, jurisdiction must appear from the face of the plaintiff's complaint; anticipated defenses or counterclaims cannot supply federal jurisdiction. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 10 (1983); *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Thus, federal jurisdiction requires either a plausible federal claim or complete diversity of citizenship. Plaintiff fails to assert any federal claim that is not barred by res judicata, by limitations, or by immunity. And Plaintiff and all local defendants are Idaho citizens, so diversity jurisdiction is absent. Because the Amended Complaint asserts no viable federal claim and diversity is lacking, federal jurisdiction is absent.

### 4.      Sovereign and Judicial Immunity

Plaintiff names as defendants not only the City of Boise and its officials but also federal courts, judges, and the United States. To the extent Plaintiff seeks monetary or retrospective relief against the United States, federal courts, or federal agencies, those claims are barred by sovereign immunity absent an express waiver. Plaintiff has not identified any applicable waiver, nor has Congress abrogated state sovereign immunity for the claims he appears to assert. Accordingly, all claims against such federal defendants must be dismissed.

### 5.      Claims Lacking a Private Right of Action

Several of Plaintiff's theories—including structural separation-of-powers claims, generalized grievances about the functioning of courts, or broad allegations of "constitutional corruption"—do not create individual causes of action. Similarly, the Civil Rights Act does not

authorize suits against judicial officers for issuing decisions with which a litigant disagrees. To state a claim, a plaintiff must identify a specific, individually enforceable federal right, attributable to specific conduct by specific defendants. Plaintiff has not done so.

**C.    Futility of Amendment**

Because Plaintiff's claims are foreclosed by res judicata and by multiple immunities, and because the defects are legal rather than factual, amendment would be futile. The action must be dismissed with prejudice.

**ORDER**

IT IS ORDERED:

1.  Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is **DENIED**.

2.  Plaintiff's Amended Complaint (Dkt. 4) is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

3.  Separate Judgment will issue.

4.  The Clerk is directed to CLOSE this case.

DATED: November 24, 2025

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge